# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GEORGE ACOSTA, individually and on behalf of other persons similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Case No. _____<br>) |
| v. | ) Removal from the Circuit Court of Cook<br>) County, Illinois<br>) |
| ALLEGHENY LUDLUM, LLC, | ) Case No.: 2022CH10570<br>) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1331, 1367, 1441 and 1446, defendant Allegheny Ludlum, LLC ("Allegheny" or "defendant"), removes to the United States District Court for the Northern District of Illinois, Eastern Division, the civil action pending against it in the Circuit Court of Cook County, Illinois, Chancery Division. In support of removal, defendant states as follows:

1. Plaintiff George Acosta ("plaintiff" or "Acosta") filed a two-count Class Action Complaint ("Complaint") asserting Biometric Information Privacy Act ("Privacy Act" or "BIPA"), 740 ILCS 14/1 *et seq.*, claims against defendant in the Circuit Court of Cook County, Illinois on October 26, 2022. The "State Court Action" is entitled *George Acosta, individually and on behalf of other persons similarly situated, v. Allegheny Ludlum, LLC*, Case No. 2022 CH 10570.

2. Pursuant to 28 U.S.C. §1446(a), a "copy of all process, pleadings, and orders served upon … defendant" in the State Court Action is attached hereto as **Exhibit A**.

3. Defendant was served with the Summons and Complaint on November 7, 2022. *See* Exhibit A.

4. This Notice of Removal is filed within 30 days of the date that defendant was served and is accordingly timely. 28 U.S.C. §1446(b)(1); see *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (recognizing that the notice of removal clock does not run until a party has been served with the summons and complaint under applicable state law).

5. The Complaint alleges the defendant employer violated the Privacy Act by using a biometric timekeeping system to "collect" plaintiff's "fingerprint" without first complying with the Privacy Act's policy, notice and consent requirements. It alleges that defendant subsequently used the "collected" and "stored" fingerprint to "confirm the employee punching in to work is who they claim to be" and "to confirm [the employee's] presence." The Complaint further alleges "[u]pon information and belief" that defendant is storing the alleged biometric data in a "manner less secure than it stores other similarly sensitive data." (Exhibit A, Compl. ¶¶3-4, 14, 17-25.)

### VENUE IS PROPER

6. The Circuit Court of Cook County, Illinois, is located within the United States District Court for the Northern District of Illinois, Eastern Division. 28 U.S.C. §93(a)(1). Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

### SECTION 301 PREEMPTION CONFERS FEDERAL QUESTION JURISDICTION ON THIS COURT

7. Plaintiff's Privacy Act claims are completely preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, and therefore arise under federal law conferring federal question jurisdiction on this Court. *See Fernandez v. Kerry, Inc.*, 14 F.4th 644, 646-47 (7th Cir. 2021); *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust Fund of So. Cal.*, 463 U.S. 1, 24 (1983); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); 28 U.S.C. §1331.

8. "Section 301 preempts claims directly founded on or 'substantially dependent on analysis of a collective-bargaining agreement.'" *Atchley v. Heritage Cable Vision Assocs.*, 101 F.3d 495, 498 (7th Cir. 1996). "If the resolution of a state law claim depends on the meaning of, or requires the interpretation of, a collective bargaining agreement, the application of state law is preempted and federal labor law principles must be employed to resolve the dispute." *Id*. at 499. "In sum, if it is necessary to interpret express or implied terms of a CBA, a state law claim is completely preempted by § 301, the claim is deemed federal in nature from its inception, and the complaint is deemed one that defendant can remove." *Id*.

9. In *Miller v. Southwest Airlines Co.*, 926 F.3d 898, 904 (7th Cir. 2019), the Seventh Circuit affirmed the lower court decisions in *United Airlines* and *Southwest Airlines* that plaintiffs' Privacy Act claims were preempted by the Railway Labor Act and unequivocally concluded that the claims "are topics for resolution by an adjustment board rather than a judge" and "the board must make that decision and supply any appropriate remedy." Although *Miller* applied the Railway Labor Act, the U.S. Supreme Court has held that the preemption standard is essentially the same under the LMRA. *See Hawaiian Airlines v. Norris*, 512 U.S. 246, 260 (1994).

10. Subsequently in *Fernandez v. Kerry, Inc.*, 14 F.4th 644, 646-47 (7th Cir. 2021), the Seventh Circuit held that Privacy Act claims by plaintiffs governed by collective bargaining agreements ("CBA") are preempted by Section 301 of the LMRA. The *Fernandez* court explained that the LMRA "prevents states from interfering in relations between unions and private employers" and that "[s]tates cannot bypass the mechanisms of [federal law] and authorize direct negotiation or litigation between workers and management." *Id.* at 645-46. Accordingly, the Seventh Circuit held that the plaintiff's Privacy Act claims were topics for an arbitrator to decide pursuant to the terms of the CBA, rather than for a judge to decide. *Id.* at 646, citing *Miller* at 903.

3

11. Plaintiff was a member of the Service Employees International Union Local 1 ("SEIU Local 1") and then the National Production Workers Union Local 707 ("NPWU Local 707") (collectively, the "Unions") throughout his employment with ATI Flat Rolled Products Holdings, LLC ("the Company"), a subsidiary of Allegheny. (*See* **Exhibit B**, Declaration of Daniel N. Mochnaly ("Mochnaly Decl.") ¶2.)

12. The Company employed plaintiff from March 30, 2015, to July 2, 2022. Throughout his tenure, plaintiff was covered by successive CBAs between SEIU Local 1 and defendant and then between NPWU Local 707 and the Company, which governed the terms and conditions of his employment. (Exhibit B, Mochnaly Decl. ¶¶2-3, Exhibits 1 and 2.)

13. The current CBA provides: "The Company recognizes the Union as the exclusive representative for the purpose of collective bargaining concerning wages, hours and terms and conditions of employment." (Exhibit B, Mochnaly Decl. ¶4, citing Exhibit 2, Article 2, Section 1, 2.01.) All the CBAs have the same or similar union recognition provisions. (*Id.*, Mochnaly Decl. ¶4.)

14. Like the CBAs in *Fernandez* and *Miller*, the CBA provides the Company with extensive management rights to operate the plant, to manage and direct its workforce, to establish and enforce work rules, and to determine the methods and means by which its operations are to be carried out, as follows:

> The Management of the business and of the plant and the direction and control of the working force and plant operation are vested exclusively in the Company. The rights of Management include but are not limited to the following: to direct, plan and control plant operations and location, to establish and change production requirements and schedules of production, to regulate and determine the number of employees to be assigned to any particular work task or operation; to regulate and determine working hours; to assign work to employees and employees to work; to schedule overtime hours and to assign qualified employees to perform any overtime work; to hire, promote, demote and transfer employees; to establish, change and enforce rules and regulations; to suspend, discipline or discharge

4

employees for proper cause; to lay off or relieve employees from duty because of lack of work or other legitimate or production reasons and to schedule necessary layoffs in accordance with work and production requirements; to establish, change and administer all production, quality and safety standards; to introduce new and improved facilities or equipment, including the right to establish new jobs, abolish jobs where not required, to install incentive systems, and to subcontract work, in or out, unless otherwise limited by the Agreement between the parties. All inherent rights of Management to manage the plant are retained, unless specifically otherwise limited by this Agreement.

(Exhibit B, Mochnaly Decl. ¶5, citing Exhibit 2, Article 4, Section 1 – Management Rights, 4.01.) All the CBAs have the same or similar Management Rights provisions. (*Id.*, Mochnaly Decl. ¶5.)

15. Like the CBAs in *Fernandez* and *Miller*, the CBA establishes a grievance and arbitration procedure that culminates in final and binding arbitration before an arbitrator selected by the parties from a panel provided by the Federal Mediation and Conciliation Service ("FMCS"). (Exhibit B, Mochnaly Decl. ¶6, citing Exhibit 2, Article 11, Section 2, 11.06.) All the CBAs have the same or similar grievance and arbitration provisions. (*Id.*, Mochnaly Decl. ¶6.)

16. The question for an FMCS arbitrator (rather than the court) would be whether the Union assented on behalf of its members to permit the Company to implement use of a biometric timekeeping system by virtue of the CBA's broad Management Rights provision. This requires interpretation of the CBA's language and a determination of whether the CBA's specification of the Company's rights to manage its workforce and determine the methods and means by which its operations are carried out constitute sufficient written notice and release from plaintiff's "legally authorized representative" under the Privacy Act. 740 ILCS 14/15(b)(3).

17. The *Fernandez* court confirmed "it is not possible to resolve a BIPA dispute over fingerprint time clocks without reference to the collective bargaining agreement. Because plaintiffs' BIPA claim necessarily requires interpretation of the collective bargaining agreement, it is preempted by §301 of the LMRA. This Court has original jurisdiction over the claim, and the

case was removable." *See Fernandez v. Kerry, Inc.*, No. 17-cv-08971, ECF No. 99, p. 11 (N.D. Ill. 2020), aff'd 14 F.4th 644, 646-47 (7th Cir. 2021). Accordingly, this Court has original jurisdiction over Acosta's BIPA claims, which are properly removed under Section 301 of the LMRA.

## RESERVATION OF RIGHTS

17. Defendant's filing of this Notice of Removal is not intended, nor should be construed, as any type of express or implied admission by defendant of any fact, of the validity or merits of any of plaintiff's claims and allegations, or of any liability, all of which defendant hereby expressly denies, or as any type of express or implied waiver or limitation of any of plaintiff's rights, claims, remedies, and defenses in connection with this action, all of which are hereby expressly reserved.

18. Pursuant to 28 U.S.C. §1446(d), defendant will promptly give written notice of the filing of the Notice of Removal to plaintiff and will file a copy of this Notice with the Clerk of the Circuit Court for Cook County, Illinois.

**WHEREFORE**, Defendant Allegheny Ludlum, LLC respectfully requests that this litigation be removed from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: December 7, 2022

Respectfully submitted,

By: /s/ Anne E. Larson
    One of the Attorneys for Defendant,
    ALLEGHENY LUDLUM, LLC

Anne E. Larson (ARDC No. 6200481)
**OGLETREE, DEAKINS, NASH,**
  **SMOAK & STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone: 312.558.1253
Facsimile: 312.807.3619
anne.larson@ogletree.com

6

## **CERTIFICATE OF SERVICE**

    The undersigned attorney certifies that on December 7, 2022, she filed the foregoing ***Notice of Removal*** electronically with the Clerk of Court using the ECF system, and sent notification of such filing via electronic mail upon the following:

> Roberto Luis Costales
> William H. Beaumont
> BEAUMONT COSTALES, LLC
> 107 W. Van Buren, Suite 209
> Chicago, IL 60605
> *rlc@beaumontcostales.com*
> *whb@beaumontcostales.com*
>
> ***Attorneys for Plaintiff***

                                        /s/ Anne E. Larson
                                        One of the Attorneys for Defendant
                                        ALLEGHENY LUDLUM, LLC